SIDLEY AUSTIN LLP
Thomas R. Califano (10369867)
Andres Barajas (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Duston McFaul (24003309)
Charles M. Persons (24060413)
Maegan Quejada (24105999)
Jeri Leigh Miller (24102176)
Juliana L. Hoffman (24106103)
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Proposed Counsel for the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GVS TEXAS HOLDINGS I, LLC, *et al.* [1] | Case No. 21-31121-MVL |
| Debtors. | **(Jointly Administered)** |
| GVS TEXAS HOLDINGS I, LLC, *et al.*, | Adversary Proc. No. 21-_____ |
| Plaintiffs, | |
| v. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: GVS Texas Holdings I, LLC (7458); GVS Texas Holdings II, LLC (1225); GVS Portfolio I, LLC (6441); GVS Portfolio I B, LLC (7171); GVS Portfolio I C, LLC (3093); WC Mississippi Storage Portfolio I, LLC (0423); GVS Nevada Holdings I, LLC (4849); GVS Ohio Holdings I, LLC (6449); GVS Missouri Holdings I, LLC (5452); GVS New York Holdings I, LLC (5858); GVS Indiana Holdings I, LLC (3929); GVS Tennessee Holdings I, LLC (5909); GVS Ohio Holdings II, LLC (2376); GVS Illinois Holdings I, LLC (9944); and GVS Colorado Holdings I, LLC (0408).  The location of the Debtors' service address is: 814 Lavaca Street, Austin, Texas 78701.

RREF III STORAGE LLC,

           Defendant.

## ADVERSARY COMPLAINT FOR DECLARATORY RELIEF

GVS Texas Holdings I, LLC ("GVS Texas") and its affiliated debtors and debtors-in-possession in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"), and as Plaintiffs in the above-captioned adversary proceeding (the "Adversary Proceeding"), hereby file this complaint (the "Complaint") against RREF III Storage LLC ("RREF" or "Defendant") and allege as follows:

### Introduction

1. By this Complaint, the Debtors seek judgment: (i) declaring that the automatic stay of section 362(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") precludes RREF's post-petition actions to attach property of the Debtors' estates and exercise control of the Debtors' estates; (ii) that RREF has violated the stay; (iii) that RREF's actions are void *ab initio* and (iv) granting costs and expenses including attorneys' fees incurred by the Debtors in commencing and prosecuting this Adversary Proceeding; or, in the alternative, (v) extending the automatic stay to enjoin the attachment sought by RREF.

### Parties

2. The Debtors are Delaware limited liability companies with their principal place of business located at 814 Lavaca Street, Austin, Texas 78701.

3. RREF III Storage LLC is a Delaware limited liability company with its principal place of business located at 30 Hudson Yards, New York, NY 10001.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, the Debtors consent to entry of final orders or judgment by the Court in connection with this Adversary Proceeding if it is determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases of this Adversary Proceeding are sections 105 and 362 of the Bankruptcy Code.

**Factual Background**

**I. The Loan to Mezz Debtor B**

7. On or about November 30, 2018, UBS AG ("UBS") made three loans to the Debtors, including a consolidated mezzanine facility of $63 million in principal[2] (the "Loan") to GVS Portfolio I B, LLC ("Mezz Debtor B").

8. Natin Paul, the Debtors' ultimate corporate parent's sole shareholder and a director on each of the Debtors' boards, executed as guarantor that certain *Guaranty of Recourse Obligations (Mezzanine 2 Loan)*, dated November 30, 2018 (the "Guaranty"), for the benefit of UBS.

9. Under that certain *Pledge and Security Agreement (Mezzanine 2 Loan)*, dated November 30, 2018, made by Mezz Debtor B in favor of UBS, the Loan is secured by Mezz Debtor

---

[2] As explained in paragraph 10, the current principal of the Loan is $82 million.

3

B's interests in Debtor GVS Portfolio I, LLC ("Mezz Debtor A"). Mezz Debtor A in turn owns the equity interests in the 12 Debtors that directly own 64 self-storage facilities. The property owner Debtors are sometimes referred to as the "Propco Debtors". Each of the self-storage facilities are managed by a non-Debtor affiliate, Great Value Storage, LLC. Mr. Paul is the ultimate beneficial owner of this non-Debtor affiliate.

10. UBS subsequently assigned the Loan to Teachers Insurance Annuity Association of America ("TIAA"), which executed that certain *Omnibus Amendment to the Mezzanine 2 Loan Documents*, dated January 7, 2019, increasing the principal amount of the Loan by $19 million.

11. On December 6, 2019, TIAA provided Mezz Debtor B with a notice that an event of default had occurred under the Loan because of one late payment.

12. TIAA then sought a UCC auction of the mezzanine collateral securing the Loan in September 2020.

13. RREF purchased the Loan after default and two days before TIAA's scheduled mezzanine UCC foreclosure auction in March 2021.

14. On April 16, 2021, RREF commenced an action in the New York State Supreme Court seeking enforcement of the Guaranty against Mr. Paul (the "State Court Action") on the premise that the since-dismissed chapter 11 filing of Mezz Debtor B triggered recourse provisions in the underlying Loan documents.[3]

II. **The Bankruptcy Filings**

15. On June 17, 2021, each of the Debtors, except for GVS Portfolio I C, LLC ("Mezz Debtor C"), filed voluntary petitions commencing cases under chapter 11 of the Bankruptcy Code.

---

[3] *See RREF III Storage LLC v. Natin Paul*, Index No. 0652558/2021 (N.Y. Sup. Ct. Apr. 16, 2021).

16. Shortly after filing, the Debtors informed RREF's counsel of the commencement of the chapter 11 cases.

17. On June 23, 2021, Mezz Debtor C also filed a voluntary petition commencing its case under chapter 11 of the Bankruptcy Code.

### III. RREF's Application for Attachment

18. Thereafter, despite having actual knowledge of the chapter 11 filings and the commencement of the Debtors' cases, RREF filed an *Order to Show Cause Regarding Plaintiff RREF III Storage LLC's Application for an Order of Attachment* (the "Order to Show Cause")[4] and the *Memorandum of Law in Support of Plaintiff's Application for an Order of Attachment of Defendant's Membership Interests in GVS-Affiliated Companies* (the "Memorandum").[5] The state court entered the Order to Show Cause on June 23, 2021, requiring a response to such order by July 8, 2021.[6] The Order to Show Cause is returnable in the state court on August 9, 2021.[7]

19. The Order to Show Cause directs Mr. Paul to show cause:

> why an Order of Attachment should not be entered pursuant to CPLR 6201(1) against the assets of the Defendant and any interest he may have in any personal property or any debt owed to him situated in the State of New York, including but not limited to his membership interest in World Class Holding Company, LLC and World Class Management, LLC, **and all assets they control**.[8]

---

[4] *See* Order to Show Cause Regarding Plaintiff RREF III Storage LLC's Application for an Order of Attachment, *RREF III Storage LLC v. Natin Paul*, Index No. 0652558/2021, NY Sup. Ct. D.I. 50 (N.Y. Sup. Ct. June 22, 2021), attached hereto as **Exhibit A**.

[5] *See* Memorandum of Law in Support of Plaintiff's Application for an Order of Attachment of Defendant's Membership Interests in GVS-Affiliated Companies, *RREF III Storage LLC v. Natin Paul*, Index No. 0652558/2021, NY Sup. Ct. D.I. 51 (N.Y. Sup. Ct. June 22, 2021), attached hereto as **Exhibit B**.

[6] *See* Order to Show Cause Regarding Plaintiff RREF III Storage LLC's Application for an Order of Attachment at 2, *RREF III Storage LLC v. Natin Paul*, Index No. 0652558/2021, NY Sup. Ct. D.I. 67 (N.Y. Sup. Ct. June 23, 2021).

[7] *Id.* at 1.

[8] Order to Show Cause at 1-2 (emphasis added).

20. As is set forth in greater detail below, World Class Holding Company, LLC ("World Class") is the ultimate parent of each of the Debtors. Accordingly, the Debtors' estates and their respective interests are within the assets controlled by World Class.

21. The Debtors' organizational chart, showing that World Class owns 100% of the interests in World Class Holdings, LLC, which in turn owns 100% of World Class Holdings I, LLC, which in turn owns 100% of Mezz Debtor C, which in turn owns 100% of Mezz Debtor B, which in turn owns 100% of each of the Propco Debtors, is as follows:



22. Because RREF seeks to attach not only Mr. Paul's ownership interests in World Class, but also "all assets it controls," RREF also seeks to attach the Debtors' assets as World Class ultimately controls each of the entities that are the sole members of each of the Debtors.

23. RREF admits its awareness of World Class' ownership structure in the Memorandum.[9]

---

[9] See Memorandum at 7-8.

24. On a video call with RREF's bankruptcy counsel, the Debtors' advisors asked counsel what was the intended impact of this application for attachment. As of the date hereof, no answer has been provided.

25. Regardless of the intention, even merely seeking the attachment is an improper exercise of state court remedies that are stayed by the automatic stay.

## First Cause of Action

**(Declaratory Judgment that Attachment is a Violation of the Stay)**

26. The Debtors incorporate by reference the allegations in Paragraphs 1 to 25 as if set forth fully herein.

27. Upon the filing of the Debtors' chapter 11 cases, the Debtors and the property of the Debtors' estates were and continue to be protected by the automatic stay.

28. RREF knew of the existence of the Debtors' chapter 11 cases and of the automatic stay when they filed the Order to Show Cause.

29. RREF is a creditor of Mezz Debtor B.

30. RREF is a holder of a pre-petition claim against Mezz Debtor B.

31. RREF seeks attachment to World Class and all assets it controls.

32. The equity interests in and of the Debtors, and the assets of each Debtor, are among the assets that World Class controls.

33. RREF seeks attachment to the equity interests in and assets of the Debtors.

34. The equity interests in and assets of the Debtors are property of the Debtors' estates.

35. RREF seeks control over the property of the Debtors' estates to ensure repayment of its pre-petition claim.

36. Section 362(a)(3) of the Bankruptcy Code prohibits any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

37. Section 362(a)(4) of the Bankruptcy Code prohibits any act to create, perfect, or enforce any lien against property of the estate.

38. Section 362(a)(6) of the Bankruptcy Code prohibits any act to collect, assess, or recover a claim against the debtor that arose before the commencement of a bankruptcy case.

39. RREF seeks to use the equity interests in and of the Debtors to control the Debtors and property of the Debtors' estates.

40. The levying of the attachment sought by RREF is the creation and perfection of a lien against property of the Debtors' estates.

41. RREF seeks to use the attachment to collect or recover on account of its pre-petition claim.

42. Therefore, the attachment that RREF seeks would violate the automatic stay under sections 362(a)(3), (4), and (6) of the Bankruptcy Code.

## Section Cause of Action

### (Violation of the Automatic Stay)

43. The Debtors incorporate by reference the allegations in Paragraphs 1 to 42 as if set forth fully herein.

44. Section 362(a)(1) of the Bankruptcy Code prohibits the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of a bankruptcy case.

45. RREF's application for attachment is an action to recover on account of its pre-petition claim.

46. RREF's application for attachment is an act to obtain possession of property of the Debtors' estates or to exercise control over property of the estate.

47. RREF's application for attachment is an act to create and perfect a lien against property of the Debtors' estates.

48. RREF's application for attachment is an act to collect, assess, or recover on account of its pre-petition claim against the Debtors.

49. Therefore, RREF violated the automatic stay under sections 362(a)(1), (3), (4), and (6) of the Bankruptcy Code by seeking attachment.

50. Any action that is in violation of the automatic stay under section 362 of the Bankruptcy Code is void *ab initio* or voidable by the Debtors.

**Third Cause of Action**

**(Damages for Willful Violation of the Automatic Stay and Contempt)**

51. The Debtors incorporate by reference the allegations in Paragraphs 1 to 50 as if set forth fully herein.

52. RREF's violation of the automatic stay is willful.

53. RREF's willful violation of the automatic stay is in contempt of the court.

54. The Debtors resources have been diverted to addressing RREF's automatic stay violation, including taking away its professionals time and attention from the Debtors' chapter 11 cases.

55. The Debtors have been injured by RREF's willful violation of the automatic stay and contempt of the court.

56. Section 105(a) of the Bankruptcy Code allows a court to issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the Bankruptcy Code.

57. Therefore, because of RREF's automatic stay violation and contempt of the court, the Debtors are entitled to damages of costs and attorneys' fees, including costs and fees incurred by the Debtors in commencing and prosecuting this Adversary Proceeding.

## Fourth Cause of Action

### (In the Alternative, Extension of Automatic Stay Under Sections 105 and 362)

58. The Debtors incorporate by reference the allegations in Paragraphs 1 to 57 as if set forth fully herein.

59. The Debtors and World Class have an identity of interests in enjoining the attachment sought by RREF.

60. Allowing RREF to attach to World Class and all of the assets it controls would interfere with the reorganization of the Debtors, allow it to circumvent the priority scheme and other provisions of the Bankruptcy Code, and negatively affect the Debtors' ability to reorganize.

61. Under sections 105 and 362 of the Bankruptcy Code, the automatic stay may be extended to non-debtors under unusual circumstances, including when a non-debtor has identity of interests with the Debtors and to enjoin actions that could interfere with the reorganization of the debtor, frustrate the statutory scheme of chapter 11 of the Bankruptcy Code, or diminish the debtor's ability to formulate a plan of reorganization.

62. Therefore, the automatic stay should be extended to World Class in order to enjoin RREF's application for attachment.

## Prayer for Relief

Wherefore, the Debtors respectfully requests that the Court enter a judgment:

   a.  declaring that the automatic stay of section 362(a) of the Bankruptcy Code precludes RREF's post-petition actions to attach property of the Debtors' estates and or exercise control of the Debtors' estates;

   b.  that RREF has violated the stay;

   c.  that RREF's actions are void *ab initio*; and

   d.  granting damages to the Debtors, including fees incurred by the Debtors in commencing and prosecuting this Adversary Proceeding; or, in the alternative,

   e.  extend the automatic stay to World Class enjoin the attachment.

The Debtors further request such other further relief as they may show themselves justly entitled.

| | |
|---|---|
| Dated: July 7, 2021<br>      Dallas, Texas | Respectfully submitted,<br><br>**SIDLEY AUSTIN LLP**<br><br>*/s/ Thomas R. Califano*<br>Thomas R. Califano (10369867)<br>Andres Barajas (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br><br>Duston McFaul (24003309)<br>Charles M. Persons (24060413)<br>Maegan Quejada (24105999)<br>Jeri Leigh Miller (24102176)<br>Juliana L. Hoffman (24106103)<br>2021 McKinney Ave<br>Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |